# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2440 | **DATE** | 8/18/03 |
| **CASE TITLE** | GENERAL STAR INDEMNITY COMPANY V. HUBBARD BOWLING LANES, INC. et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

United States' Motion for Summary Judgment (doc. #31) and James Ten Broeck's Cross Motion for Summary Judgment (doc. #35)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]. United States' Motion for Summary Judgment (doc. #31) is **granted**. James Ten Broeck's Cross Motion for Summary Judgment (doc. #35) is **granted**. Judgment is entered against Hubbard Bowling Lanes, Inc. a/k/a Hubbard's Bowling Lanes, Inc. a/k/a Hubbard Bowling Lanes, for the amount of the total assessments against Hubbard Bowling for unpaid employment taxes for the quarters in suit, including accrued penalties and interest. The United shall submit a proposed judgment amount by August 28, 2003. Enter memorandum and opinion. All other pending motions and dates are terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 19 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 41 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 AUG 18 PM 3:08 | | |
| JHC | courtroom deputy's initials | FILED FOR DOCKETING | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GENERAL STAR INDEMNITY COMPANY, a Connecticut Corporation,<br>        Plaintiff,<br><br>v.<br><br>HUBBARD BOWLING LANES, INC., a/k/a HUBBARD'S BOWLING LANES, INC., a/k/a HUBBARD BOWLING LANES, an Illinois Corporation, JAMES C. TEN BROECK, B & W FINANCIAL GROUP, INC., DEPARTMENT OF TREASURY-INTERNAL REVENUE SERVICE, BRUNSWICK CORPORATION,<br>        Defendants.<br><br>UNITED STATE OF AMERICA,<br>        Cross/Counterclaim Plaintiff,<br><br>v.<br><br>HUBBARD BOWLING LANES, INC., a/k/a HUBBARD'S BOWLING LANES, INC., a/k/a HUBBARD BOWLING LANES, an Illinois Corporation, JAMES C. TEN BROECK, B & W FINANCIAL GROUP, INC., DEPARTMENT OF TREASURY-INTERNAL REVENUE SERVICE, BRUNSWICK CORPORATION,<br>        Cross/Counterclaim Defedants. | No. 02 C 2440<br><br>The Honorable William J. Hibbler<br><br>DOCKETED<br>AUG 1 9 2003 |

## MEMORANDUM OPINION AND ORDER

Plaintiff, General Star Indemnity Company, brought this interpleader action to determine the rights of competing claimants to $160,000 in insurance proceeds arising from the settlement of a prior lawsuit with Hubbard Bowling Lanes. The United States subsequently entered the lawsuit

1

asserting its interest in the interpleaded funds. The United States now files for summary judgment. Defendant James C. Ten Broeck also files for summary judgment. Both motions are unopposed. For the reasons below, the motions are **granted**.

## I. Background

Hubbard Bowling operated a bowling alley until it was destroyed by fire in 1997. After the fire, Hubbard Bowling made claim for property loss under an insurance policy issued by General Star Indemnity Company (the Policy). The Policy's loss payable provisions identified Deutsche Credit Corporation and Brunswick Bowling & Billiard as loss payees with respect to Hubbard Bowling's personal property. Deutsche Credit had held a 1987 promissory note from Hubbard Bowling that was later assigned to Brunswick Bowling & Billiards and then to its successor, defendant Brunswick Corporation.

Hubbard Bowling's claim under the policy led to litigation in this Court. Defendant James Ten Broeck represented Hubbard Bowling. The parties reached a settlement whereby General Star agreed to split $160,000 in insurance proceeds among the following parties: $70,000 to Brunswick Corporation (as loss payee); $70,000 to Broeck and Hubbard Bowling jointly; and $20,000 to the Internal Revenue Service and Robert Hubbard jointly (the Settlement Agreement). Broeck later agreed to accept $50,000 of the $70,000 awarded to him and Hubbard Bowling.

Defendant B &W Financial Group, Hubbard Bowling's former landlord, was not a party to the Settlement Agreement, but is named in the present interpleader action because it seeks a share of the interpleaded funds to satisfy a 1998 Illinois state court judgment against Robert Hubbard for unpaid rent.

The United States' interest in the insurance proceeds derives from federal tax liens against Hubbard Bowling for unpaid federal employment taxes for the period 1989 to 1992. Through this

2

action, the United States seeks to reduce Hubbard Bowling's tax liabilities to judgment and foreclose its tax liens on the interpleaded funds in the amount of $40,000, claiming priority over the competing interests of Hubbard Bowling, B &W Financial, and Robert Hubbard. Hubbard Bowling, Brunswick Corporation and Broeck do not object to the United States' request. B & W Financial Group has not responded. Regarding the remaining $120,000 in interpleaded funds addressed in the Settlement Agreement, defendant Broeck seeks $50,000 for himself and $70,000 for Brunswick. No party opposes Broeck's proposed distribution.

## II. Discussion

To restate, the Settlement Agreement allocated the insurance proceeds as follows: $70,000 to Broeck and Hubbard Bowling; $70,000 to Brunswick; and $20,000 to the Internal Revenue Service (IRS) and Robert Hubbard. Broeck later agreed to accept $50,000 of the $70,000 jointly allotted to him and Hubbard Bowling. The United States argues that Hubbard Bowling is not entitled to any of the remaining insurance proceeds, as the United States' tax liens trump any interest that Hubbard Bowling may have in the proceeds. The United States also argues that the liens are superior to any interest that Robert Hubbard, as owner of Hubbard Bowling, may have in the $20,000 jointly allocated to the IRS and Robert Hubbard. The United States therefore requests the Court to modify the Settlement Agreement so that it may collect $40,000 of the interpleaded funds.

To determine the rights of the competing claimants it is first necessary to define each party's purported interest. Broeck holds an attorney's lien on the proceeds arising from his efforts negotiating the Settlement Agreement. Brunswick, as a secured lender, holds a perfected security interest in Hubbard Bowling's property and proceeds therefrom. The United States holds tax liens also encumbering Hubbard Bowling's property and proceeds therefrom. B & W Financial holds an

3

unperfected state court judgment against Ronald Hubbard. Lastly, Hubbard Bowling holds an insurance policy from General Star providing coverage for business property loss and income.

1.  *Broeck*

Broeck's attorney's lien arose after the IRS recorded its tax lien. Generally, the priority of a federal tax lien as against a "choate" state-created lien is determined under a first-in-time-is-first-in-right rule. *United States v. McDermott*, 507 U.S. 477, 488 (1993). However, an exception to this rule with respect to certain attorneys' liens is found in 26 U.S.C. § 6323(b)(8). Under this section, an attorney's lien is given priority over a previously filed federal tax lien, if the attorney's fees were incurred in obtaining a judgment or procuring a settlement. *Id.*; *see also Park City Leasing v. V.I.P. Mobile Phone Centers*, 763 F.Supp. 140, 142 (E.D. Pa. 1991). As Broeck's fees were incurred in procuring the Settlement Agreement, under section 6323(b)(8) his lien is given priority over the previously recorded tax lien. All parties agree that Broeck should receive $50,000 of the interpleaded funds under the law set forth above. As there is no dispute of material fact regarding this allocation, the Court grants the parties' request.

2.  *Brunswick*

Brunswick's perfected security interest in the insurance proceeds also takes priority over the federal tax lien because Brunswick's interest was perfected before the tax lien filing. Under 26 U.S.C. § 6323(a) and (h)(1), if the taxpayer receives "money or money's worth" before a tax lien filing, the lender's security interests primes a federal tax lien. Here, Brunswick's interest in the insurance proceeds arose in 1987 when Deutsche Credit perfected a security interest in all Hubbard Bowling's equipment and proceeds therefrom in order to secure its loan. The tax liens were not recorded against Hubbard Bowling until 1995. Since Brunswick's secured interest was perfected before the tax liens were recorded, Brunswick takes priority over the United States. The parties

4

agree that Brunswick's share of the $160,000 settlement should be $70,000. As there is no dispute of material fact regarding this issue, the Court will allow the parties' proposed distribution.

3.  *Federal Tax Liens*

As an initial matter, the Court must address the United States' request to reduce to judgment Hubbard Bowling's outstanding employment tax liabilities. The United States reports that assessments totaling $80,988.30 were made against Hubbard Bowling for unpaid employment taxes from 1989 through 1992. Federal tax assessments are presumptively correct. *Welch v. Helvering*, 290 U.S. 11 (1954). Once the United States has shown evidence of tax assessments the burden shifts to the taxpayer to refute the presumptively correct assessments. *Id.* In this case, the United States has submitted transcripts detailing the assessments, penalties and interest for the years at issue. Hubbard Bowling has not produced any evidence to dispute these submissions. Accordingly, the assessments made by the United States against Hubbard Bowling are presumed correct and the United States is entitled to judgment in its favor for the amount of the total assessments, including accrued penalties and interest.[1]

The United States argues that the tax liens encumber $40,000 of interpleaded funds. As this requested distribution will exhaust the funds, the United States must establish priority over the remaining parties' competing interests. It is therefore necessary to briefly discuss the nature of the United States' federal tax liens.

Federal tax liens are created and governed by federal law. *United States v. Brosnan*, 363 U.S.

---

[1]The United States claims that this total is $145,569.96 consisting of the assessed amount of $80,988.30, accrued penalties of $3,883.26 and accrued interest of $75,710.92 computed as of January 31, 2003. It appears the United States has made a mathematical error in their computations as these three amounts to do not add up to $145,569.96. Thus, the Court will refrain from entering a monetary judgement until the United States corrects or explains their proposed figure.

5

237, 240 (1960). A federal tax lien arises in favor of the United States at the time the tax is assessed and notice and demand for payment is made, and continues until the liability "is satisfied or become unenforceable by reason of lapse of time." 26 U.S.C. § 6322. The lien encumbers "all property and rights to property, whether real or personal, belonging to such person," 26 U.S.C. § 6231, including property acquired after the lien arises. *Glass City Bank v. United States*, 326 U.S. 265 (1945). Moreover, a lien follows any property substituted for what the taxpayer owned. *Municipal Trust and Savings Bank v. United States*, 114 F.3d 99, 101 (7th Cir. 1997).

Here, the tax liens against Hubbard Bowling arose in 1993 and were recorded in 1995. Under the above law, the liens attached to all of Hubbard Bowling's then existing and after acquired assets, including the insurance proceeds. Thus, unless one of the remaining parties to this action can show a superior interest to the United States in the proceeds, the United States is entitled to its requested $40,000 allotment. The dissolved Hubbard Bowling cannot claim priority over the United States because all of its property, which appears limited to insurance proceeds, is encumbered by the federal tax liens. B & W similarly cannot claim priority over the United States, as B & W merely holds an unperfected, 1998 state court judgment against Robert Hubbard. This interest does not take priority over a prior perfected federal tax lien. Lastly, Robert Hubbard cannot claim priority over the United States as he is not a party to this action and has therefore failed to state a cognizable interest in the insurance proceedings. As no party can assert a superior interest, the United States is entitled to the remaining $40,000 of interpleaded funds. This allocation alters the terms of the Settlement Agreement to direct an additional $20,000 to the United States over and above the original $20,000 allocated to the Internal Revenue Service. Because all parties are in agreement with this proposed distribution, the Court finds that no dispute of material of fact exists to delay the United States' request.

### III. Conclusion

The United States' motion for summary judgment is **granted**. James C. Ten Broeck's cross-motion for summary judgment is also **granted**. Judgement is entered against Hubbard Bowling and in favor the United States for the amount of the total assessments against Hubbard Bowling resulting from unpaid employment taxes for the quarters in suit, including accrued penalties and interest. The United States shall submit a proposed judgment amount within 10 days of this Order. The interpleaded funds shall be disbursed as follows: $70,000 to Brunswick Corporation; $50,000 to Broeck; and $40,000 to the United States.

IT IS SO ORDERED.

August 18, 2003

William J. Hibbler
United States District Court